DA 09-0440, DA 09-0569

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 112N

IN RE:  COTTONWOOD CAMP, LLP

ALVIN BLAKLEY and RHODA BLAKLEY,

      Petitioners and Appellants,

  v.

ROGER REHUREK,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and For the County of Big Horn, Cause No. DV 08-70
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

            Penelope S. Strong; Attorney at Law, Billings, Montana

      For Appellee:

            Brad L. Arndorfer; Attorney at Law, Billings, Montana

                  Submitted on Briefs:  April 21, 2010

                           Decided:  May 18, 2010

Filed:

            _____
                       Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Blakleys appeal pursuant to M. R. App. P. 6(3)(g) from the District Court's orders appointing a receiver and removing them from the business premises. We affirm.

¶3 Cottonwood Camp is a business partnership among the Blakleys and Roger Rehurek. They operated a resort providing lodging and recreational fishing on the Big Horn River near Ft. Smith, Montana. The business provided a steady stream of income for a number of years until a rift developed between Blakleys and Rehurek some time before May, 2008. At that time Blakleys filed an action against Rehurek seeking to dissolve the partnership. The parties traded allegations of wrongdoing, including theft of assets and assault. The District Court issued a no-contact order prohibiting the parties from harassing, assaulting or stalking one another, from having any verbal, physical or phone contact, and from being within 100 feet of the other's residence. The order also required that, except for scheduling fishing trips, the parties could communicate only through counsel. The District Court ordered the parties to submit nominees for a receiver and held an evidentiary hearing on the matter. The evidence included testimony about

2

incomplete or missing financial records, unaccounted cash receipts, missing money and the use of partnership assets for personal expenses. There was also testimony about the disrepair of the resort buildings and erratic behavior by Mr. Blakley.

¶4 The District Court appointed a receiver. It is clear that under the facts the appointment was justified and proper. The relationship among the principals in the business had deteriorated to the point that they made mutual allegations of criminal conduct and had agreed to the broad no-contact order entered by the District Court. The business records were in disarray and money was not being properly accounted. Both sides alleged that money had been improperly taken. After hearing, the District Court found that Blakleys' accounting and bookkeeping were insufficient and lacked safeguards against financial abuse of the partnership profits. This, together with the "extreme animosity" among the partners caused the District Court to conclude that the resort property "is in danger of being lost, removed, or materially injured." The District Court properly acted to rescue and stabilize the business. *Crowley v. Valley West Water Co.*, 267 Mont. 144, 150-51, 822 P.2d 1022, 1025-26 (1994).

¶5 Blakleys also argue that the District Court improperly issued an order, at the request of the receiver, that they vacate the various buildings that they had occupied at the resort. The receiver petitioned the District Court that Blakleys were interfering with his management of the resort and with his efforts to operate the business and hire essential employees. The District Court's prior order appointing the receiver had empowered him to "forthwith take physical possession" of the partnership property and

3

to "inventory, manage and operate" it. The order required that all the partnership property be immediately delivered to the receiver.

¶6 It is clear from the District Court's order appointing the receiver that the receiver had the power and duty to possess and control all partnership property and operate and manage the business. Blakleys' refusal to cooperate with the receiver's efforts to stabilize and operate the business was contrary to that order and the District Court properly exercised discretion to order that the property be relinquished to the receiver.

¶7 We decline to address Blakleys' contention that the District Court improperly granted judicial immunity to the receiver. It is not clear that the District Court expressly did so and there is no showing that this issue was raised before the District Court.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. The issues are clearly controlled by settled Montana law. There clearly is sufficient evidence to support the District Court's findings of fact and conclusions of law.

¶9 Affirmed.


/S/ MIKE McGRATH

4

We concur:

/S/ W. WILLIAM LEAPHART
/S/ MICHAEL E WHEAT
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON